IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TSIST SISTAS VO OME VOTO REVERE formerly known as WILLIAM RAY FLORES, a.k.a. NATALIA FLORES,

Plaintiff,

vs.

LES PETERSON and C/O WADE,

Defendants.

Case No. CV08-147-S-EJL (lead case)

**MEMORANDUM DECISION AND ORDER**

---

TSIST SISTAS VO OME VOTO REVERE formerly known as WILLIAM RAY FLORES, a.k.a. NATALIA FLORES,

Plaintiff,

vs.

DEPUTY WARDEN YORDY and SERGEANT NITCHOLLS,

Defendants.

Case No. CV08-414-S-EJL

---

TSIST SISTAS VO OME VOTO REVERE formerly known as WILLIAM RAY FLORES, a.k.a. NATALIA FLORES,

Plaintiff, ) Case No. CV08-462-S-EJL
)
vs. )
)
SERGEANT WEB, )
)
Defendant. )
_______________________________ )

Pending before the Court in the above-entitled matter are Defendants' Motion to Dismiss (*Docket No. 27)* and Plaintiff's Motions to Amend Complaints (*Docket Nos. 31 and 38*).[1] The Notice to Pro Se Litigants was sent to Plaintiff on July 20, 2009 (*Docket No. 29)*. On July 31, 2009, Plaintiff filed two motions to amend complaints, *Docket Nos. 31 and 38*, as well as miscellaneous pleadings concerning each of the remaining claims (*Docket Nos. 34, 35, 43*, *and 44*). On August 12, 2009, the Court reviewed the pleadings filed by Plaintiff and could not determine if such pleadings were intended to be responses to the pending motion to dismiss. *Docket No. 46*. The Court granted Plaintiff leave to file an additional response to the motion to dismiss by September 1, 2009. *Id.* The Order was returned to the Court as undeliverable on or about August 21, 2009, *Docket No. 47*. The Order was resent to Plaintiff with the Plaintiff's noted name change on August 21, 2009. Assuming three days for mailing and 20 days to file a response, the Court waited for Plaintiff's response until September 14, 2009. As of September 15, 2009, no response

[1] Plaintiff filed Amended Complaints with the Court, however, the Court docketed those Amended Complaints as motions to amend the complaint as Plaintiff may not amend her complaints with leave of the Court at this stage in the litigation. Fed. R. Civ. P. 15.

was filed by Plaintiff. Therefore, the Court will deem the collective pleadings filed by Plaintiff on July 31, 2009 as the responsive brief to the pending motion to dismiss.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## Background

Plaintiff has filed three civil rights complaints pursuant to 42 U. S. C. § 1983 in Federal District Court. Plaintiff filed the complaints with the name William Ray Flores, but has now legally changed his name to Tsist Sistas Vo ome Voto Revere ("Revere"). The Court will refer to Plaintiff as "she" instead of "he" as Plaintiff alleges she has been diagnosed with gender identity disorder ("GID") and that she would prefer to be referenced as "she."

Plaintiff is an inmate with the Idaho Department of Corrections ("IDOC"). Prior to filing her complaints, Revere was housed at both Idaho Maximum Security Institution ("IMSI") and Idaho State Correctional Institution ("ISCI"). Plaintiff was housed at IMSI from November 17, 2006 to October 11, 2007 and from July 15, 2008 to the present. She was housed at the Idaho State Correctional Institution ("ISCI") from June 13, 2006 to

November 7, 2006 and October 11, 2007 to July 15, 2008.

The first complaint, *Revere (Flores) v. Peterson*, CV08-147-S-EJL was reviewed by the Court and it was determined that Plaintiff could proceed on two claims: that she was denied a two spirited sweat lodge and that she was denied the right to wear Native American braids with leather. The Defendants for these alleged First Amendment rights violations are Les Peterson and Correction Officer Wade. Plaintiff seeks to amend her complaint to include additional facts that she was told by other Native American inmates she was not allowed on the sweat grounds while she was incarcerated at the Idaho State Correctional Institution ("ISCI") in 2007-2008. Plaintiff also restates her complaint to Defendant Peterson regarding the need a for a two spirited sweat lodge and that her complaint was denied.

Pursuant to the Initial Review Order, Docket No. 22, the second complaint, *Revere (Flores) v. Yordy,* CV 08-414-S-EJL, dealing with alleged claims of unfairly being placed in Segregation Pending Investigation for inappropriately watching another inmate use the restroom was dismissed without prejudice. *See Initial Review Order, Docket No. 22.*

The third complaint, *Revere (Flores) v. Web*, CV 08-462-S-EJL, alleges Eigth Amendment violations of failure to provide medical care and failure to protect from harm. The medical personnel who would be defendants on the first claim regarding failure to provide medical care remain unidentified. Plaintiff was allowed leave to amend her complaint to add the names of the medical personnel in the *Initial Review Order, Docket*

*No. 22, dated May 12, 2009*. As of September 15, 2009, Plaintiff has not provided any medical personnel names for the medical care claim, so the claim will be dismissed without prejudice.

As to the failure to protect claim, the named Defendant is Sergeant Web. Plaintiff seeks to amend the complaint and add numerous other correction officers to this claim. Plaintiff alleges numerous officers were aware of the alleged assault on Plaintiff by inmate Mike Walters and did nothing to protect her. *See Plaintiff's Motion to Amend Complaint, Docket No. 31)*.

The Defendants have filed a motion to dismiss based on Plaintiff's alleged failure to exhaust her administrative remedies prior to filing the lawsuits. Plaintiff responds that she made numerous complaints regarding her right to practice her religious beliefs, but admits that she was late going through the grievance process, so she filed a federal complaint instead. Plaintiff claims that on some of the claims regarding her alleged assault she exhausted administrative remedies and on others she did not. Plaintiff has not provided any additional copies of offender forms, grievance forms or appeal forms to the Court in response to the Defendants' documents submitted with the motion to dismiss. After reviewing the record in this matter, the Court finds that Plaintiff has failed to exhaust her administrative remedies and the remaining claims must be dismissed.

## Motion to Dismiss

### A. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[2] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The test is whether the administrative remedies were exhausted when the complaint was filed. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). The complaint must be dismissed without prejudice even if the administrative remedies are exhausted while the litigation is pending. *Id.*

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The *Jones v. Bock* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint. *Woodford v. Ngo*, 548 U.S. at 103. In *Woodford v. Ngo*, the prisoner had filed his grievance within six

---

[2] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system. *Id*. at 86-87. The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative remedies simply because no such remedies remained available to him." *Id*. at 87.

Failure to exhaust remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 210 (2007). Therefore a motion to dismiss based on failure to exhaust remedies should be brought as an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2002). In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

Where a court (1) determines that a civil rights complaint contains both exhausted and unexhausted claims, and (2) determines that "the unexhausted claims are not intertwined with the properly exhausted claims," the court should dismiss the unexhausted claims and allow the inmate to proceed on the exhausted claims. *Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005). "On the other hand, when a plaintiff's 'mixed' complaint includes exhausted and unexhausted claims that are closely related and difficult to untangle, dismissal of the defective complaint with leave to amend to allege only fully exhausted claims is the proper approach." *Id*. at 1176.

**B. Grievance Process of the Idaho Department of Correction**

The IDOC's administrative grievance process consists of three stages at both the ISCI and the IMSI prisons and is available to all inmates. First, any inmate with a concern is required to seek an informal resolution by filling out an Offender Concern Form, addressed to the staff person "most directly involved" with the inmate's issue. *Affidavit of Jill Whittington* (Docket No. 27-3) at ¶ 5 and *Affidavit of Kim Reishman* (Docket No. 27-7) at ¶ 5. If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form. *Whittington* at ¶ 6; *Reishman* at ¶ 6.

When submitting a Grievance Form, the inmate must attach a copy of the Offender Concern Form, showing the inmate's attempt to settle the issue informally. *Whittington* at ¶ 7, *Reishman* at ¶ 7. The Grievance form must contain specific details such as the nature of the complaint, dates, places and names as well as the informal action taken to resolve the complaint. *Id.* A grievance form must be filed within 30 days fo the incident or problem. *Id.* at ¶ 6.

If the grievance form is not properly completed, the grievance counselor shall return the grievance to the offender using the Grievance/DOR Appeal Transmittal Form indicating the deficiencies with the grievance form. *Exhibits A-D to Whittington Affidavit.*

If the decision on an inmate's grievance is not satisfactory to the inmate, the

inmate may appeal that decision. *Whittington* at ¶ 8; *Reishman* at ¶ 8. The appellate authority is the warden, except for medical grievances. *Whittington* at ¶ *9; Reishman* at ¶9. Not until the completion of all three of these steps--Concern Form, Grievance Form, and grievance appeal--is the grievance process exhausted. *Id.* at ¶ 10.

Prior to November 2007, the IDOC did not keep records of grievances submitted by inmates if those grievances were not processed for some reason at ISCI. Since November 2007, all grievances are logged and recorded at ISCI, even those that are not processed. *Whittington* at ¶ 12. Grievances at the ISCI and the IMSI are logged into a computer database, which is searchable by an inmate's name or IDOC number, or by year. *Id.* at ¶ 11; *Reishman* at ¶ 11.

**C. Did Plaintiff exhaust her administrative remedies?**

In order to determine if Plaintiff exhausted her administrative remedies, the Court must examine the records of the administrative process for each of her three surviving claims. The Native American claims will be joined together for analysis purposes.

1. Two Spirited Sweat Lodge Claim and Native American Braids and Leather in Hair claims

Jill Whittington searched the ISCI databases and determined that for the periods Revere was housed at ISCI, Revere filed 7 grievances that were processed and 6 grievances that were not processed. None of the grievances related to a two spirited sweat lodge request. One grievance on April 10, 2008 related to an offender concern dated March 14, 2009 which dealt with the leather for her hair being taken away from Revere. *Exhibit E to Whittington Affidavit.* This grievance was not appealed. There is also a grievance dated April 14, 2008 regarding Revere being allegedly singled out for how he was wearing his hair. This grievance was not appealed. Additionally, both these grievances were filed with IDOC *after* the Complaint was filed in federal court on March 28, 2008, *Docket No. 3*, so they cannot be used to satisfy the exhaustion requirement.

Kim Reischman searched the grievance records and databases at IMSI during the time period Revere has been housed at IMSI. Revere filed approximately 15 grievances that were processed. There were no grievances filed relating to the request for a two spirited sweat lodge or being allowed to wear Native American braids with leather in her hair. Revere did file a grievance on March 6, 2009 about access to a sweat lodge for sweating and smudging. IMSI is the maximum security facility for the State of Idaho. The response to the Grievance indicates that a sweat lodge is not available to IMSI offenders because

of security concerns while in administrative segregation status. This grievance was not appealed. Additionally, this grievance was filed *after* the date the Complaint was filed in Federal Court.

It is undisputed that certain Inmate Concern Forms and grievances were filed regarding Native American religious issues. However, there is no record of any appeal being filed on these issues. Revere has provided no evidence that she was not familiar with the grievance system (which she clearly was based on the numerous offender concern forms and grievances she filed) or that she was in some way prevented from using the administrative grievance system which is available to all inmates. Therefore, while Plaintiff was familiar with the administrative process, she failed to exhaust all three parts of the administrative process by appealing a grievance before filing her federal complaint and these claims should be dismissed.

2. Failure to Protect from Harm

Whittington and Reischman both searched their respective records regarding grievance forms filed related to the alleged assault by inmate Walters against Revere. Neither Grievance Coordinator found any grievances related to the alleged assault or failure to protect claim. Plaintiff has not come forward with

a copy of any grievance and appeal filed related to the failure to protect claim. Therefore, the Court finds no grievance or appeal regarding this incident with inmate Walters was ever filed by Revere.

Plaintiff has provided the Court with an Amended Complaint, *Docket No. 31,* which sets forth numerous correctional staff members who allegedly observed or were aware of the alleged assault and did nothing to protect Plaintiff from harm from another inmate. The facts alleged in the Amended Complaint are troubling, but the allegations in the Amended Complaint still need to be processed through the administrative process of the IDOC. The correctional institution is to be given the opportunity to respond to the complaints prior to Plaintiff filing her lawsuit.

Based on the record before this court, even if a concern form was filed related to the alleged incident with inmate Walters (which the Court has no record of), there is no record of a grievance and/or appeal of any complaint regarding this incident. Without completing the administrative grievance process, the Court cannot allow this claim to proceed and the claim must be dismissed without prejudice.

In making this ruling to dismiss the action without prejudice, the Court is mindful that Plaintiff may be prevented from pursuing her claim of failure to protect as the grievance and appeal procedures have timeliness requirements that

may have passed since the incident allegedly occurred. The Court urges the IDOC to review this incident with the identified correctional staff as well as the Constitutional requirements to protect inmates from harm so that future allegations of this nature related to GID inmates may be avoided.

**D. Conclusion**

Defendants have met their burden of showing that Plaintiff did not exhaust her administrative remedies. Although Plaintiff may have undertaken the some of the steps of the administrative grievance process--submitting an Offender Concern Forms and Grievance forms--she did not complete all three requisite steps in the administrative process for her claims. There is no record of *any* appeals by Plaintiff related to the three claims she was allowed to proceed on in federal court. Therefore, Plaintiff did not exhaust her administrative remedies, and the Court will dismiss the Complaints without prejudice.

## Motions to Amend Complaints

Plaintiff's motions to amend are moot as the proposed amended complaints add additional facts regarding her claims, but do not cure the defect in both complaints that Plaintiff filed to exhaust her administrative remedies prior to filing

her federal lawsuits. Therefore, the motions to amend should be denied as being moot.

**Order**

Being fully advised in the premises, the Court hereby orders that:

1) Defendants' motion to dismiss (Docket No. 27) is GRANTED and all of Plaintiff's remaining claims and the complaints in *Revere (Flores) v. Peterson*, CV08-147-S-EJL and *Revere (Flores) v. Web*, CV 08-462-S-EJL are DISMISSED WITHOUT PREJUDICE based on Plaintiff's failure to exhaust administrative remedies.

2) Plaintiff's Motions to Amend Complaints (*Docket Nos. 31 and 38*) are DENIED AS MOOT.

DATED: **September 15, 2009**

Honorable Edward J. Lodge
U. S. District Judge